[Civ. No. 8697.   Third Dist.   Oct. 28, 1955.]

C. E. GLIDDEN et al., Appellants, v. H. E. WILLS et al., Defendants; HENRY W. DREWES et al., Respondents.

William H. Penaat for Appellants.

Rich, Carlin & Fuidge for Respondents.

SCHOTTKY, J.—Plaintiff commenced an action against a number of defendants alleging in their complaint that plaintiffs were the owners of certain personal property which was in the possession of defendant Wills, as bailee; that on or about September 29, 1952, defendant Drewes, as constable, attached and took into his possession certain personal property under a writ of attachment which had been issued in an action brought against Wills; that thereafter, under writ of execution, defendant Drewes, on December 14, 1952, sold said attached property to defendant Smith and delivered same to him; and further, "That defendant Henry W. Drewes, in his official capacity as Constable, failed and neglected to file an inventory of the property attached in the action referred to in paragraph VI hereof, as required by Section 546 of the Code of Civil Procedure of California, and plaintiffs were thereby deprived of due

and proper information and notice that their property had been attached. They were thereby required to and did make many trips from their home in Burlingame, California, to the vicinity of Willits, Oroville, Brownsville and Marysville, California, in search of said property, to their damage in the sum of $1,000.00.''

The complaint prayed for damages against defendant Drewes and his bonding company in the sum of $1,000.

Defendant Drewes and St. Paul Mercury Indemnity Company demurred to the complaint and the court sustained their demurrer without leave to amend. Plaintiffs have appealed from the judgment entered after the sustaining of the demurrer.

The sole question presented upon this appeal is whether or not appellants did, or could, state a cause of action for damages against the constable, respondent Drewes, predicated upon the constable's failure to comply with section 546 of the Code of Civil Procedure which provides in part:

''The officer levying the attachment must make a full inventory of the property attached, and return the same with the writ.''

Appellants contend that since the inventory is required to be returned with the writ, it is a ''process'' or ''notice'' within the meaning of section 26663 of the Government Code, which applies to constables (Gov. Code, § 27823) and which reads:

''Any sheriff who does not return a process or notice in his possession, with the necessary endorsement thereon, without delay is liable to the person aggrieved for all actual damages sustained by him.''

Respondents argue that the inventory is not a ''process'' or ''notice'' within the purview of the last quoted section and that appellants, who were not parties to the action in which the attachment issued, are not the person ''aggrieved.'' Respondents maintain that appellants' sole remedy was to make a third party claim pursuant to section 689 of the Code of Civil Procedure.

The precise question here involved appears to be one of first impression in this state and we have been cited to no applicable authorities from other jurisdictions. ██ However, it cannot be doubted that it was the duty of the respondent constable to file an inventory of the attached property as required by said section 546, and in view of the fact that said inventory is required to be filed with the writ

of attachment we believe that said inventory is a part of the "process" or "notice" within the meaning of section 26663 of the Government Code. In Harlow on the Duties of Sheriffs and Constables, a work which has long served as a guide for sheriffs and constables, it is stated at section 224:

"The sheriff's return upon process is a report of his proceedings thereunder. Where the language of the law, which requires him to do certain things in the service of process, is mandatory, he should make the wording of his return conform strictly to the requirements therein expressed. . . . Care should be taken to include the inventory of attached property."

We are unable to agree with respondents' contention that the requirement of the filing of inventory in section 546 is only for the benefit of the attaching creditor, for it might well in certain instances be of benefit to the actual owner of personal property that had been attached while not in his possession. We are here concerned with the sufficiency of a complaint and must of course accept the allegations as being true. The complaint does allege that the inventory was not filed as provided and that by reason of such failure he has been required to expend time and money in search of said property, to his damage. We do not believe that it can be held as a matter of law that under no conceivable circumstances could appellants prove damage. We believe that they have sufficiently alleged a cause of action against respondents and that the trial court erred in sustaining their demurrer.

The judgment is reversed with directions to the trial court to overrule respondents' demurrer.

Van Dyke, P. J., and Peek, J., concurred.